UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

CASE NO: 1:20cv22889

**KIMBERLY RENEE BOYLES,**
    Plaintiff,
v.

**ROYAL CARIBBEAN CRUISES LTD.,**
A foreign corporation,

    Defendant.
_____/

**COMPLAINT**

**COMES NOW**, Plaintiff, KIMBERLY RENEE BOYLES ('Plaintiff' or 'BOYLES'), by and through undersigned counsel, files her Complaint for Damages against Defendant, ROYAL CARIBBEAN CRUISES LTD. ('Defendant' or 'RCCL'), and demands trial by jury on all issues so triable, and states:

**ALLEGATIONS COMMON TO ALL COUNTS**

1. Plaintiff seeks damages in excess of $75,000.00, exclusive of interest, costs, and attorney's fees.

2. Jurisdiction is proper in this Court under 28 U.S.C. 1333, which provides original jurisdiction to United States District Courts exclusive of state courts of "any civil case of admiralty or maritime jurisdiction, saving to suitors in all cases all other remedies to which they may be entitled", and pursuant to Article III, Section 2 of the U.S. Constitution.

3. Venue is proper in the Southern District of Florida in that Defendant's principal place of business is in Miami, Florida, and Defendant has agreed, in writing, that jurisdiction and venue are proper in the Southern District of Florida, Miami Division, under the terms of

1

the cruise ticket contract tendered by Defendant to Plaintiff. A copy of said cruise ticket is in the possession of RCCL.

4. At all times material, Plaintiff, KIMBERLY RENEE BOYLES, is and was a resident of Lee County, Florida, was over the age of 18, and is in all ways sui juris.

5. Defendant, RCCL, is a foreign corporation who is authorized to conduct, and who does conduct, business in the State of Florida, who at all times material hereto was and is doing business in Miami-Dade County, Florida, and who maintains its corporate headquarters and principal place of business in Miami-Dade County Florida.

6. Defendant, RCCL, at all times material hereto, personally or through an agent, in the County and in the District in which this Complaint is filed:

    a. Operated, conducted, engaged in or carried on a business venture in this state and/or county; and/or

    b. Had an office or agency in this state and/or county; and/or

    c. Engaged in substantial activity within this state; and/or

    d. Committed one or more of the acts stated in Florida Statutes, §§48.081, 48.181 or 48.193.

    e. All conditions precedent for filing and maintaining this action have been fulfilled, have been waived, or do not apply.

7. At all times material hereto, Defendant, RCCL, owned, operated, managed, maintained, and/or controlled the vessel, the M/V *Vision of the Seas*.

8. Between July 17, 2019 and July 29, 2019, Plaintiff was a lawful fare-paying passenger and business invitee aboard Defendant's cruise ship vessel, the M/V *Vision of the Seas*.

9. On July 17, 2019, Plaintiff, Ms. BOYLES, lawfully boarded Defendant's cruise ship vessel,

the M/V *Vision of the Seas*, and was assigned a stateroom by Defendant, RCCL (Stateroom 2057 on Deck 2).

10. Immediately upon entering her assigned stateroom, Plaintiff, Ms. BOYLES, noticed the appearance of mold and filth, and noticed the odor of mildew inside the room.

11. Plaintiff, Ms. BOYLES, immediately reported the unacceptable condition of her stateroom and requested to be assigned an alternate stateroom.

12. Defendant, RCCL, refused to assign Plaintiff, Ms. BOYLES, an alternate, mold, mildew, and filth free stateroom.

13. Plaintiff, Ms. BOYLES, further requested that Defendant, RCCL, remediate the unacceptable conditions of her assigned stateroom.

14. Defendant, RCCL, engaged in superficial cleaning of Plaintiff's, Ms. BOYLES, assigned stateroom; however, Defendant, RCCL, refused to remediate the mold and mildew throughout the stateroom.

15. Plaintiff, Ms. BOYLES, was forced to spend the entire twelve-day cruise sleeping and living in the mold and mildew infested stateroom.

16. On the second day of her cruise, Plaintiff, Ms. BOYLES, began to suffer the physical symptoms of exposure to mold, mildew, and bacteria.

17. Ms. BOYLES' symptoms continued to get worse over the course of the cruise and culminated with Plaintiff, Ms. BOYLES, being taken directly from the ship by ambulance to a hospital in Barcelona, Spain, on July 29, 2019.

18. Plaintiff, Ms. BOYLES, suffered physical and mental pain and anguish, disability, loss of capacity for the enjoyment of life, loss of earnings, loss of ability to earn in the future, and medical expenses. Said losses are either permanent or continuing in nature, and Plaintiff

will suffer these in the future.

## COUNT I - NEGLIGENCE

19. Defendant owed a "duty to exercise reasonable care for the safety of its passengers," including Plaintiff herein. *See, Hall v. Royal Caribbean Cruises, Ltd.*, 888 So. 2d 654, (Fla. Dist. Ct. App. 2004). Defendant also owed a 'duty to exercise reasonable care under the circumstances.' *See, Harnesk v. Carnival Cruise Lines, Inc.,* 1991 WL 329584 (S.D. Fla. 1991).

20. Defendant's duty to maintain all areas and features of the subject vessel, included a duty to maintain Plaintiff's stateroom, including a duty to regularly inspect, clean, disinfect, repair and maintain the stateroom.

21. Defendant either (a) created the dangerous condition, through its agents or employees; (b) had actual knowledge of the dangerous condition; and/or (c) had constructive knowledge of the dangerous condition.

22. Defendant breached its duty to maintain the Plaintiff's stateroom in a reasonably safe condition under the circumstances, in that, inter alia:

    a. Defendant failed to maintain the stateroom free from mold; and/or

    b. Defendant failed to maintain the stateroom free from mildew; and/or

    c. Defendant failed to maintain the stateroom free from filth; and/or

    d. Defendant failed to properly remediate mold in Plaintiff's assigned stateroom which was reported to RCCL by Plaintiff; and/or

    e. Defendant failed to properly remediate mildew in Plaintiff's assigned stateroom which was reported to RCCL by Plaintiff; and/or

    f. Defendant failed to properly remediate filth in Plaintiff's assigned stateroom which

      was reported to RCCL by Plaintiff; and/or

  g. Defendant failed to eliminate the hazards of mold, mildew, and filth in Plaintiff's assigned stateroom; and/or

  h. Defendant failed to properly and adequate warn Plaintiff of the danger of mold, mildew, and filth in Plaintiff's assigned stateroom; and/or

  i. Defendant failed to provide Plaintiff an alternate stateroom free from mold, mildew, and filth; and/or

  j. Defendant failed to ascertain the cause of prior similar reports of mold, mildew, and filth in staterooms so as to take measures to prevent the accumulation of such conditions such that such that such conditions could be prevented; and/or

  k. Defendant failed to follow sound safety and cleaning practices with the goal of providing passengers, and in particular, Plaintiff, with safe staterooms; and/or

  l. Prior to and during Plaintiff's stay aboard Defendant's vessel, Defendant failed to investigate the hazards to passengers and take necessary steps to eliminate the hazards, minimize the hazards, or warn Plaintiff of the danger from the hazardous conditions of Plaintiff's stateroom; and/or

  m. Defendant failed to provide Plaintiff with prompt, proper and adequate medical care, all of which contributed Plaintiff to be severely injured and further injured due to improper and inadequate medical care; and/or

  n. Defendant violated the International Safety Management Code and failed to have a proper, adequate and safe Safety Management System Manual and procedures.

23. Additionally, at all times material hereto, while Plaintiff was a passenger aboard Defendant's, RCCL's vessel, the M/V *Vision of the Seas*, Defendant had a duty to warn its

passengers, including Plaintiff herein, of dangerous conditions about which Defendant knew or should have known in the exercise of reasonable care.

24. Defendant either (a) itself created the dangerous condition, through its agents or employees; (b) had actual knowledge of the dangerous condition and failed to correct the condition; and/or (c) had constructive knowledge of the dangerous condition where, upon information and belief, the Defendant's crewmembers were charged with regularly inspecting and cleaning Plaintiff's assigned stateroom.

25. Defendant failed to warn Plaintiff, Ms. BOYLES, of the dangerous conditions about which Defendant, RCCL, knew or should have known in the exercise of reasonable care.

26. As a proximate result of Defendant's negligent failure to maintain Plaintiff's assigned stateroom, and Defendant's failure to warn Plaintiff of the dangerous conditions about which it knew or should have known between July 17, 2019 and July 29, 2019, Plaintiff, Ms. BOYLES, severely injured her body.

27. Defendant's negligence created a hazardous condition to its passengers, and to Plaintiff, and was known to Defendant, or had existed for a sufficient length of time such that Defendant should have known of it, or that such conditions occur with such frequency in that vessel's staterooms and other staterooms on other of Defendant's, RCCL, vessels so as to constitute prior notice to Defendant, RCCL, of that condition.

28. As a direct and proximate result of Defendant's negligence and Plaintiff's resulting injuries, Plaintiff, KIMBERLY RENEE BOYLES, suffered physical and mental pain and anguish, disability, loss of capacity for the enjoyment of life, loss of earnings, loss of ability to earn in the future, and medical expenses. Said losses are either permanent or continuing in nature, and Plaintiff will suffer these in the future.

**WHEREFORE**, Plaintiff, KIMBERLY RENEE BOYLES, demands judgment for the stated damages, interest and costs against Defendant, ROYAL CARIBBEAN CRUISES LTD., individually and d/b/a RCCL, a trial by jury on all issues so triable, and any such other relief this Court deems just and proper.

## COUNT II – NEGLIGENT FAILURE TO MAINTAIN

29. Defendant owed a "duty to exercise reasonable care for the safety of its passengers," including Plaintiff herein. *See, Hall v. Royal Caribbean Cruises, Ltd.*, 888 So. 2d 654, (Fla. Dist. Ct. App. 2004). Defendant also owed a 'duty to exercise reasonable care under the circumstances.' *See, Harnesk v. Carnival Cruise Lines, Inc.,* 1991 WL 329584 (S.D. Fla. 1991).

30. Defendant's duty to maintain all areas and features of the subject vessel, included a duty to maintain Plaintiff's stateroom, including a duty to regularly inspect, clean, disinfect, repair and maintain the stateroom.

31. Defendant either (a) created the dangerous condition, through its agents or employees; (b) had actual knowledge of the dangerous condition; and/or (c) had constructive knowledge of the dangerous condition.

32. Defendant breached its duty to maintain the Plaintiff's stateroom in a reasonably safe condition under the circumstances, in that, inter alia:

    a. Defendant failed to maintain the stateroom free from mold; and/or

    b. Defendant failed to maintain the stateroom free from mildew; and/or

    c. Defendant failed to maintain the stateroom free from filth; and/or

    d. Defendant failed to properly remediate mold in Plaintiff's assigned stateroom which was reported to RCCL by Plaintiff; and/or

e. Defendant failed to properly remediate mildew in Plaintiff's assigned stateroom which was reported to RCCL by Plaintiff; and/or

f. Defendant failed to properly remediate filth in Plaintiff's assigned stateroom which was reported to RCCL by Plaintiff; and/or

g. Defendant failed to eliminate the hazards of mold, mildew, and filth in Plaintiff's assigned stateroom; and/or

h. Defendant failed to ascertain the cause of prior similar reports of mold, mildew, and filth in staterooms so as to take measures to prevent the accumulation of such conditions such that such that such conditions could be prevented; and/or

i. Defendant failed to follow sound safety and cleaning practices with the goal of providing passengers, and in particular, Plaintiff, with safe staterooms; and/or

j. Prior to and during Plaintiff's stay aboard Defendant's vessel, Defendant failed to investigate the hazards to passengers and take necessary steps to eliminate the hazards, minimize the hazards, or warn Plaintiff of the danger from the hazardous condition of Plaintiff's stateroom; and/or

k. Defendant violated the International Safety Management Code and failed to have a proper, adequate and safe Safety Management System Manual and procedures.

33. As a proximate result of Defendant's negligent failure to maintain Plaintiff's assigned stateroom, and Defendant's failure to warn Plaintiff of the dangerous conditions about which it knew or should have known Between July 17, 2019 and July 29, 2019, Plaintiff, Ms. BOYLES, severely injured her body.

34. Defendant's negligence created a hazardous condition to its passengers, and to Plaintiff, and was known to Defendant, or had existed for a sufficient length of time such that

Defendant should have known of it, or that such conditions occur with such frequency in that vessel's staterooms and other staterooms on other of Defendant's, RCCL, vessels so as to constitute prior notice to Defendant, RCCL, of that condition.

35. As a direct and proximate result of Defendant's negligence and Plaintiff's resulting injuries, Plaintiff, KIMBERLY RENEE BOYLES, suffered physical and mental pain and anguish, disability, loss of capacity for the enjoyment of life, loss of earnings, loss of ability to earn in the future, and medical expenses. Said losses are either permanent or continuing in nature, and Plaintiff will suffer these in the future.

**WHEREFORE**, Plaintiff, KIMBERLY RENEE BOYLES, demands judgment for the stated damages, interest and costs against Defendant, ROYAL CARIBBEAN CRUISES LTD., individually and d/b/a RCCL, a trial by jury on all issues so triable, and any such other relief this Court deems just and proper.

## COUNT III – NEGLIGENT FAILURE TO WARN

36. At all times material hereto, while Plaintiff was a passenger aboard Defendant's, RCCL, vessel, the M/V *Vision of the Seas*, Defendant had a duty to warn its passengers, including Plaintiff herein, of dangerous conditions about which Defendant knew or should have known in the exercise of reasonable care.

37. Defendant either (a) itself created the dangerous condition, through its agents or employees; (b) had actual knowledge of the dangerous condition; and/or (c) had constructive knowledge of the dangerous condition.

38. Defendant breached its duty and failed to warn Plaintiff, Ms. BOYLES, of the dangerous conditions about which Defendant, RCCL, knew or should have known in the exercise of reasonable care, in that, such conditions occur with such frequency in that vessel's

staterooms and other staterooms on other of Defendant's, RCCL, vessels so as to constitute prior notice to Defendant, RCCL, of that condition.

39. As a proximate result of Defendant's negligent failure to maintain Plaintiff's assigned stateroom, and Defendant's failure to warn Plaintiff of the dangerous conditions about which it knew or should have known Between July 17, 2019 and July 29, 2019, Plaintiff, Ms. BOYLES, severely injured her body.

40. As a direct and proximate result of Defendant's negligent failure to warn Plaintiff of the dangerous condition about which it knew or should have known and Plaintiff's resulting injuries, Plaintiff, KIMBERLY RENEE BOYLES, suffered physical and mental pain and anguish, disability, loss of capacity for the enjoyment of life, loss of earnings, loss of ability to earn in the future, and medical expenses. Said losses are either permanent or continuing in nature, and Plaintiff will suffer these in the future.

**WHEREFORE**, Plaintiff, KIMBERLY RENEE BOYLES, demands judgment for the stated damages, interest and costs against Defendant, ROYAL CARIBBEAN CRUISES LTD., individually and d/b/a RCCL, a trial by jury on all issues so triable, and any such other relief this Court deems just and proper.

### DEMAND FOR JURY TRIAL

Plaintiff, KIMBERLY RENEE BOYLES, demands trial by jury on all issues so triable.

**Dated:** July 13, 2020.

    Respectfully submitted,

    */s/ Kelly Ann L. May, Esq.*
    Frank D. Butler, Esquire
    FBN: 940585
    Kelly Ann L. May, Esquire
    FBN: 59286
    Frank D. Butler, P.A.

                                            10550 U.S. Hwy. 19 North
Pinellas Park, FL  33782
Tel: (727)399-2222
Fax: (727)399-2202
<u>courtdocserve@fdblawfirm.com</u>
<u>kmay@fightingforfamilies.com</u>
<u>JSeigler@fightingforfamilies.com</u>